# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY A. HERNANDEZ, | ) | NO. CV 14-00146-VBF (JEM) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING ACTION AND DENYING CERTIFICATE OF APPEALABILITY** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Petitioner Gary A. Hernandez ("Petitioner") is a federal prisoner currently confined in the Federal Correctional Institution at Lompoc. On January 7, 2014, Petitioner filed a "Motion Pursuant to Fed. R. Civ. P. 60(b)(4), or in the Alternative 60(b)(6)" ("Motion"). Respondent United States of America ("Respondent") filed an Opposition and Petitioner filed a Reply.

## BACKGROUND

Petitioner was convicted and sentenced in the United States District Court for the Western District of Texas ("Texas District Court"). He pled guilty to the production and possession of materials involving the sexual exploitation of children, and, on April 26, 2007, was sentenced to 236 months imprisonment followed by a ten-year period of supervised release. (Opposition, Ech. 1, Docket in W.D. Texas Case No. 06-cr-1505-Pym, Nos. 61, 80, 87.) After the Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous, Petitioner filed a motion to vacate, set aside,

or correct his sentence under 28 U.S.C. § 2255.  (Id. at No. 109, 111; Ech. 2.)  On December 5, 2010, the Texas District Court denied the Section 2255 motion and also denied Petitioner's request for a certificate of appealability ("COA").  (Docket Nos. 130-31.)  Petitioner appealed to the Fifth Circuit, which denied his request for a COA on August 19, 2011.  (Opposition, Ech. 3.)  On January 7, 2014, Petitioner commenced his action in this Court.

## THE MOTION

In his Motion, Petitioner contends that the Texas District Court's judgment in his Section 2255 proceeding is void, because it was adjudicated by the sentencing judge, who had "lost jurisdiction" or alternatively was required to recuse himself from Petitioner's post-conviction proceedings.  (Motion at 2-25.)  Petitioner's judicial bias claim stems from statements made by the sentencing judge at an in-chambers conference prior to the start of the sentencing hearing on April 26, 2007.  The sentencing judge indicated that, in the course of preparing for sentencing, he had viewed some of the images that were the subject of the charges against Petitioner, and only later realized that the parties had not moved for their admission into evidence and had entered into stipulations intended to prevent him from seeing the most egregious photographs.  The sentencing judge offered to recuse himself, if the defense wished.  (Motion, Ech. A [Transcript of In Chambers Conference on April 26, 2007].  Petitioner requests this Court to "reverse" the Texas District Court's judgment denying the Section 2255 motion, allow him an "opportunity to bring a habeas motion before a new judge," and allow him equitable tolling to cure any timeliness problems with his new Section 2255 motion.  (Motion at 26.)

Respondent contends that the Motion is a disguised Section 2255 motion, which must be brought in the Texas District Court, and may not be brought at all until Petitioner obtains permission from the Fifth Circuit to file a second or successive Section 2255 motion.  Respondent requests the Court to transfer the action to the Texas District Court.  (Opposition at 2-7.)

Both parties agree that the Motion is not a petition under 28 U.S.C. § 2241 and should not be construed as such.  (Opposition at 5-6; Reply at 12.)

2

**ANALYSIS**

Rule 60(b) provides that a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including the two invoked by Petitioner, that "the judgment is void," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b) (4)&(6).

As a general rule, a federal prisoner challenging the legality of his sentence must do so by a motion under 28 U.S.C. § 2255, filed in the sentencing court. 28 U.S.C. § 2255(a); see Harrison v. Ollison, 519 F.3d 952, 954 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 862, 864 (9th Cir. 2000). The prisoner may not bring a second Section 2255 motion unless he meets the exacting requirements of Section 2255(h) and obtains authorization to file a "second or successive motion" from the court of appeals. United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011), cert. denied, 132 S. Ct. 1609 (2012). He cannot avoid this requirement by characterizing his motion as a Rule 60(b) motion. Id. at 1059-60; United States v. Hernandes, 708 F.3d 680, 681 (9th Cir. 2013). When a federal prisoner files a Rule 60(b) motion that arguably challenges his conviction or sentence, the district court must first determine whether the motion is a valid Rule 60(b) motion or a Section 2255 motion in disguise. See Gonzalez v. Crosby, 545 U.S. 524, 532-33 (2005).

In general, a disguised Section 2255 motion asserts substantive claims, while a Rule 60(b) motion asserts some defect in the integrity of the federal habeas proceedings. Gonzalez, 545 U.S. at 532; Hernandes, 708 F.3d at 681. Petitioner argues that his Motion is not a disguised Section 2255 motion because he is not seeking relief from his plea agreement, but is attacking the integrity of the adjudication of his prior Section 2255 motion. (Motion at 6-7; Reply at 2, 12.) However, Petitioner asserts a single flaw in the Section 2255 proceedings -- the fact that the sentencing judge adjudicated his Section 2255 motion. Petitioner contends that the sentencing judge was biased, and was required to recuse himself from Petitioner's post-conviction proceedings, because he had viewed certain photographs *before sentencing*. Despite his protests, Petitioner's attack on his Section 2255 proceedings is necessarily also an attack on his

sentencing. Thus, the Motion is best viewed as a hybrid of a Section 2555 motion and a Rule 60(b) motion.

To the extent the Motion is a Section 2255 motion, the Court lacks jurisdiction over it. Petitioner can file a Section 2255 motion only in the sentencing court, the Texas District Court. See Hernandez, 204 F.3d at 864. A transfer to the Texas District Court, as Respondent suggests, would be futile, because the Texas District Court lacks jurisdiction over a Section 2255 motion until Petitioner obtains authorization to file a second or successive motion from the Fifth Circuit.[1] See Washington, 653 F.3d at 1059.

To the extent the Motion is properly brought under Rule 60(b), the Court declines to assert jurisdiction over it. When a party brings an independent action under Rule 60(b) in a court that did not render the challenged judgment, "considerations of comity and orderly administration of justice demand that the nonrendering court should decline to exercise jurisdiction of such an action," as long as it is apparent that a remedy is available in the rendering court. Lapin v. Shulton, 333 F.2d 169, 172 (9th Cir. 1964). "When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court," and the interests of justice demand such interference only in rare situations. Treadaway v. Academy of Motion Pictures Arts & Sciences, 783 F.2d 1418, 1421 (9th Cir.1986) (holding that district court properly declined jurisdiction of an independent Rule 60(b) action brought to set aside another district court's order).

Nothing about the facts of this case suggests that the interests of justice demand that this Court review the judgment of the Texas District Court. The proper forum for deciding whether there was any impropriety in the sentencing judge's adjudication of Petitioner's Section 2255 motion is the Texas District Court, the court where the judgment on Petitioner's Section 2255 motion was rendered and where his new Section 2255 motion would be filed if he were to prevail. Petitioner can raise his objections to having his 60(b) motion decided by the sentencing judge in

---

[1] Given the hybrid nature of Petitioner's claim, the Court will not transfer the action to the Fifth Circuit.

4

the Texas District Court. In the interests of comity and the orderly administration of justice, the Court declines to exercise jurisdiction over Petitioner's Rule 60(b) motion.

**CERTIFICATE OF APPEALABILITY**

A state prisoner seeking to appeal a district court's final order in a Section 2255 proceeding must obtain a COA from a district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(B). Thus, a COA is necessary to appeal the dismissal of the portion of this action that the Court has deemed a Section 2255 motion.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

The Court is dismissing the Section 2255 motion without prejudice because it is a second or successive Section 2255 motion filed in a court that was not the sentencing court. Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478. To the extent a COA is necessary, it is DENIED.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. The action is **dismissed without prejudice** to refiling in the United States District Court for the Western District of Texas;

5

2. A Certificate of Appealability is denied.

DATED: August 20, 2014

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by:

    /s/ John E. McDermott
John E. McDermott
United States Magistrate Judge